

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00456-CV

CITY OF ARLINGTON                                                    APPELLANT

V.

TIBOR KOVACS                                                          APPELLEE

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 048-261269-12

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

Appellee Tibor Kovacs was initially terminated from the Arlington Police Department (APD) for violating a number of personnel rules, but an arbitrator later reinstated him. *City of Arlington v. Kovacs*, 508 S.W.3d 472, 473 (Tex. App.—Fort Worth 2015, pet. denied). The trial court confirmed the arbitration

----------

[1]*See* Tex. R. App. P. 47.4.

award, and Appellant the City of Arlington appealed, asking this court to determine whether the arbitrator had exceeded his authority by relying on evidence of events that occurred after the City terminated Kovacs. *Id.* at 473, 480. We decided that the arbitrator had exceeded his authority to resolve the dispute because the City's personnel manual limited the extent to which the arbitrator could consider post-termination evidence and because the arbitrator's written decision confirmed that he had improperly considered post-termination evidence in determining whether Kovacs had violated the personnel rules as charged. *Id.* at 473, 479. Accordingly, we reversed the trial court's judgment and remanded the case to the trial court for further proceedings. *Id.* at 480.

On remand, Kovacs asked the trial court to send the matter to the arbitrator for reconsideration and argued that "[t]he Court of Appeals was wrong on several fronts." The City opposed Kovacs's motion and asked the trial court to vacate the arbitrator's award and to enter a final judgment for the City.

The trial court vacated the award and remanded the case to the original arbitrator for rehearing. Kovacs moved to modify the trial court's order of remand and to affirm the original arbitration award; he also requested findings of fact and conclusions of law. The trial court declined both requests. Each party filed a notice of appeal to this court.[2] We may consider the record from the first appeal

---

[2]This appeal is an accelerated interlocutory appeal because the trial court's order essentially denies confirmation of the original arbitration award by following our instructions to vacate it. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 171.098(a)(3) (West 2011) (allowing interlocutory appeal of an order

2

in considering this second appeal. *See Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied).

In a single issue, the City asks us to determine whether the trial court erred by remanding the case for a new arbitration before the original arbitrator, arguing that the arbitration agreement only contemplates that the award may be set aside. In the first three of his four cross-issues, Kovacs attempts to revisit issues decided in the first appeal,[3] and in his fourth cross-issue, he objects to the trial

---

"confirming or denying confirmation of an award"), *and id.* § 171.098(a)(5) (allowing interlocutory appeal of an order "vacating an award *without* directing a rehearing" (emphasis added)), *with E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271–72 (Tex. 2010) (holding that a trial court's order denying confirmation of an award is not insulated from appellate review merely because the trial court also vacates the award and directs a rehearing and that "an order requiring a new arbitration is as final a decision as an appellate court's remand of a case to a trial court for a new trial, and therefore appealable").

[3]Specifically, in his first three issues, Kovacs argues that the trial court erred (1) by failing to sustain the arbitration award after remand from this court, claiming that in the first appeal, the parties and this court failed to recognize theories that were firmly based in the record and developed after remand and that, if properly recognized, would have resulted in upholding the trial court's judgment affirming the arbitrator's award for him; (2) by not finding that certain evidence was actually not post-termination evidence and thus was properly considered by the arbitrator; and (3) by not finding that the City should be estopped from arguing that improper post-termination evidence fatally flawed the arbitration award when the City offered that evidence to the arbitrator.

The law-of-the-case doctrine is the principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Farmers Grp. Ins., Inc. v. Poteet*, 434 S.W.3d 316, 329 (Tex. App.—Fort Worth 2014, pet. denied). Because the supreme court denied Kovacs's petition for review following the issuance of our first opinion, that opinion is binding on any subsequent proceedings in this court. *See id.*

court's denial of his request for findings of fact and conclusions of law. We affirm the trial court's judgment.

## II. Discussion

As set out in our prior opinion, in 2010 and 2011, APD charged Kovacs with having violated City personnel manual rules and then fired him. *See Kovacs*, 508 S.W.3d at 473–74.

Although Kovacs argues in his second cross-issue that he was not officially terminated until after the conclusion of an administrative appeal in May 2011, Kovacs was notified of his proposed dismissal by Acting Police Chief Will Johnson on January 21, 2011, and given two days to file a response. In the January 21, 2011 notice, Kovacs was informed that if the acting chief decided that dismissal remained appropriate after reviewing his response, the dismissal would "become effective immediately following [that] decision" and Kovacs could then pursue a formal appeal to Police Chief Theron L. Bowman. Accordingly, we overrule Kovacs's second cross-issue to the extent it is not otherwise barred by our previous opinion pursuant to the law-of-the-case doctrine.

Kovacs unsuccessfully attempted the administrative appeal and then requested that the termination decision be reviewed by arbitration. *Id.* at 474. The arbitrator acknowledged that he was limited by the City's personnel manual to determining whether Kovacs violated the personnel rules "as charged"[4] and

---

[4]The personnel manual states, in pertinent part, "In making a decision, the Arbitrator shall be limited to determining: 1) whether the employee violated the

4

whether the disciplinary action was reasonable. *Id.* at 474. In his written decision, the arbitrator concluded that—based on events occurring after Kovacs's termination[5]—the City had failed to establish by a preponderance of the evidence the most serious charges. *Id.* at 474–75. Thus, the arbitrator determined that Kovacs should be reinstated, given a twenty-day suspension, and awarded back pay. *Id.* at 475.

Pursuant to the personnel manual, the City filed a petition in district court seeking to vacate the arbitrator's award on the ground that the arbitrator had exceeded his authority by improperly relying on evidence that was unavailable at the time that Kovacs was fired in January 2011. *Id.*

The trial court determined that Kovacs was not entitled to back pay during the time he was incarcerated but otherwise confirmed the award, and the City appealed to this court, raising the same argument as to the arbitrator's having exceeded his authority. *Id.* We agreed, reversed the trial court's judgment confirming the arbitration award, and remanded the case to the trial court for further proceedings. *Id.* at 479–80.

---

personnel rules, as charged, and 2) whether the disciplinary action imposed is reasonable."

[5]Specifically, the arbitrator considered that in March 2011, Kovacs was no-billed on four felony charges (family violence, attempted sexual assault, and two retaliation charges) and his fiancée's application for a protective order against him was denied, and that in April 2011, the complainant in the other charges signed an affidavit of nonprosecution. *Kovacs*, 508 S.W.3d at 474–75.

In the first appeal, Kovacs argued that the City had waived any objection to the arbitrator's consideration of the post-termination evidence because it did not object when the complained-of evidence was elicited during the arbitration. *Id.* at 475 n.4. In his third cross-issue in the instant appeal, he now argues that the City should be estopped from arguing that the evidence fatally flawed the arbitration award "due to well-established rules against 'sandbagging,'" when the City itself offered the evidence.

We noted in our first opinion that the City had advised the arbitrator at the outset of the proceeding that it had to prove that the policy violations occurred as alleged "given the facts available to the decision-maker *at the time the discipline was imposed*," and we overruled Kovacs's argument. *Id.* (emphasis added). Further, we observed that post-termination evidence has no bearing whatsoever on the inquiry of whether an employer has just cause to terminate an employee, and an arbitrator exceeds his authority when he considers such evidence in that context. *Id.* at 477–78. Accordingly, we stated that the post-termination evidence had no relevance as to whether Kovacs was arrested, charged, or arrested and charged, as set out in the first three inquiries in the City's first charge under the personnel manual. *Id.* at 478. We then had to determine for what purpose the arbitrator considered the post-termination evidence as to the remaining charges and held that the arbitrator had considered it for an improper purpose. *Id.* at 478–79. At this stage, pursuant to the law-of-the-case doctrine, it does not matter *who* presented any improperly considered evidence, and we

6

overrule Kovacs's third cross-appeal issue. *See id.*; *Farmers Grp. Ins., Inc.*, 434 S.W.3d at 329.

In its sole issue in this appeal, the City argues that the trial court erred by remanding the case for a new arbitration before the original arbitrator because the arbitration agreement at issue contemplates only that the award may be set aside.

The personnel manual, in section 111.53, "Suit to Set Aside an Arbitrator's Decision," states,

> <u>Judicial Review</u>.  A state district court may set aside an Arbitrator's decision only on the grounds that the Arbitrator was without jurisdiction or exceeded his/her authority, or that the decision is manifestly a violation of law.  In no event is a de novo review available to determine:  1) whether the employee violated the personnel rules, as charged, or 2) whether the disciplinary action imposed is reasonable.  A suit brought under this provision will be heard by the trial court without a jury.  The suit must be filed in district court within ninety (90) days of the Arbitrator's written decision.  The petition must be brought in Tarrant County, Texas.

As we stated in our first opinion, judicial review of an arbitration award is extraordinarily narrow and focuses on the integrity of the *process*, not the propriety of the *result*. *Kovacs*, 508 S.W.3d at 476.  We reversed the trial court's judgment confirming the arbitration award because the arbitrator had exceeded his authority by improperly considering post-termination evidence in determining whether Kovacs violated the City's personnel rules as charged, and we remanded the case to the trial court "for further proceedings." *Id.* at 479–80.

7

Unfortunately, the personnel manual is silent as to the trial court's next specific step with regard to the "further proceedings" that we mandated. But while the City argues that the only step the trial court could have taken after setting aside the arbitrator's decision would have been to enter judgment for the City, we disagree.

First, because the arbitration provision does not address whether the trial court can grant a rehearing, we must look to the relevant law that governs arbitration actions in Texas, which is found in the civil practice and remedies code.[6] *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex.) (referring to the TAA as a default), *cert. denied*, 565 U.S. 963 (2011); *see also Hoskins v. Hoskin*s, 497 S.W.3d 490, 495–97 (Tex. 2016) (interpreting distinction between parties' agreement in *Nafta Traders*, which contained a clear restriction on arbitrator's authority, and the TAA's statutory vacatur grounds when the parties did not agree to limit arbitrator's authority).

Identical to one of the two grounds for setting aside the arbitrator's decision included in the arbitration provision at issue here, section 171.088(a)(3)(A) provides that on the application of a party, the court shall vacate an award if an arbitrator exceeded his power. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A) (West 2011). As to the proper procedure following the vacatur of an arbitrator's award, section 171.089(b) provides, "If the award is

---

[6]Both parties refer us to the Texas Arbitration Act (TAA)'s provisions to support their arguments.

vacated under Section 171.088(a)(3), the court *may* order a rehearing before the arbitrator[] who made the award or [his] successor[] appointed under Section 171.041." *Id.* § 171.089(b) (West 2011) (emphasis added). Pursuant to government code section 311.016(1), the use of "may" creates discretionary authority, *see* Tex. Gov't Code Ann. § 311.016(1) (West 2013), and the arbitration clause here evinces no intent to deny the trial court this discretion.[7]

Further, based on the clause's express terms, which we construe de novo, *see Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011), if an arbitrator's decision is set aside under the personnel manual, an arbitration rehearing is the only logical next step. Because, under the express terms of the personnel manual, the trial court lacked the authority to conduct a de novo review to determine what the arbitrator should have decided, a new decision by the arbitrator is necessary to determine the final outcome. Accordingly, we overrule the City's sole issue.

In his fourth cross-issue, Kovacs argues that the trial court erred by refusing to issue findings of fact and conclusions of law. We overrule his fourth cross-issue because the trial court's hearing on remand was not an evidentiary hearing. *See Int'l Union v. General Motors Corp.*, 104 S.W.3d 126, 129 (Tex.

---

[7]The City asserts that to construe the arbitration clause to indicate that rehearing is discretionary would require us to "impermissibly rewrite the contract or *add to its language* instead of enforcing it as written." But because the arbitration clause is silent on the matter, we instead consider the default provisions of the TAA in our review.

App.—Fort Worth 2003, no pet.) (holding findings of fact and conclusions of law are appropriate following an evidentiary hearing if the trial court is called upon to determine questions of fact based on conflicting evidence but not when the trial court rules without determining questions of fact).

Based on our conclusion that the trial court did not abuse its discretion by ordering a rehearing, we need not reach Kovacs's remaining cross-issue regarding the theories that he claims were developed in the trial court after remand. *See* Tex. R. App. P. 47.1.

## III.  Conclusion

Having overruled the City's sole issue and Kovacs's dispositive cross-issues, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; MEIER and GABRIEL, JJ.

DELIVERED:  June 21, 2018

10