**Denied and Opinion Filed August 16, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00725-CV

### IN RE JEROME JOHNSON, Relator

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F01-53637-JH**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Before the Court is Jerome Johnson's June 19, 2019 petition for writ of mandamus requesting the Court to compel the trial court to rule on his December 14, 2018 motion seeking additional DNA testing and appointment of counsel. We deny relief.

In 2003, a jury convicted relator of sexual assault and assessed punishment at forty-two years' confinement and a $7,500 fine. In 2005, this Court affirmed the judgment. *See Johnson v. State*, No. 05-03-01058-CR, 2005 WL 647516 (Tex. App.—Dallas Mar. 22, 2005, pet. ref'd).

Relator's December 14, 2018 motion for post-conviction DNA testing asserts there are items in the State's possession that either have not been tested or should be retested using modern techniques and that DNA testing would establish his innocence. The trial court issued an order on February 4, 2019 directing the State to file a response to relator's motion within 60 days. At the same time, the trial court also issued an order denying appointment of counsel.

On February 28, 2019, relator filed an objection to the trial court's denial of his motion to appoint counsel. Relator has provided non-file-marked copies of a request for the trial court to take judicial notice of alleged errors in the reporter's record of his trial, a motion for "default judgment" against the State, and a motion to compel against the State for not responding to the trial court's February 4, 2019 order. The motions represent they were mailed to the trial court on April 24, 2019 and April 29, 2019. Relator has also filed a letter dated May 6, 2019 complaining about the failure to rule on the DNA testing motion and the objection to denial of appointment of counsel.

Mandamus relief is appropriate in a criminal case only when a relator establishes (1) that relator has no adequate remedy at law to redress the alleged harm, and (2) that relator seeks to compel a ministerial act. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely filed motion. *Id.* To qualify for mandamus relief, the relator must show (1) the trial court has a legal duty to rule on the motion; (2) the relator had made a demand for performance; and (3) the trial court has refused to act. *See In re Mendoza*, 467 S.W.3d 76, 78 (Tex. App.—Houston [1st Dist.] 2015) (orig. proceeding). The trial court must be afforded a reasonable time to perform its ministerial duty. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001) (orig. proceeding). The time period considered reasonable depends upon the circumstances of each case and may involve consideration of criteria such as the trial court's actual knowledge of the motion, whether it has overtly refused to act on the matter, the state of the trial court's docket, and the existence of more pressing judicial and administrative matters. *Id.* at 228–29. Relator bears the burden to provide the appellate court with evidence weighing on the criteria to consider in assessing the reasonableness of the alleged delay. *Id.* at 229.

In this case, it appears that the delay is attributable more to the State than the trial court. The trial court has taken preliminary steps to rule upon relator's motion by issuing an order to request a response from the State and an order denying relator's request for counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 64.02(a) (requiring trial court to request response from State after receiving motion for post-conviction DNA testing). When the State does not respond in a timely manner, the trial court may, but is not required to, proceed without a response. *See id*. at art. 64.02(b). Furthermore, on July 15, 2019, court-appointed counsel entered an appearance in this case and other pending cases. The trial court has, thus, reversed its order denying a request for counsel.

Relator has not filed any evidence that would allow the Court to consider the state of the trial court's docket and other pending matters. From relator's filings in this case and two other mandamus actions pending before this Court, we note that relator has placed before the trial court several lengthy filings requiring rulings.[1]

We conclude the record does not show the trial court is refusing to rule on relator's request. We further conclude that relator has not shown that, under the circumstances presented, a reasonable time to rule upon the pending motion has expired. *See Chavez*, 62 S.W.3d at 228–29.

Accordingly, we deny relator's petition for writ of mandamus.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

190725F.P05

---

[1] In addition to this case, relator has mandamus proceedings pending in cause nos. 05-19-00708-CV and 05-19-00829-CV. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly same parties. *See Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied); *see also Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (holding that a court may take judicial notice of its own files, but it cannot take judicial notice of the truth of any allegations contained in its records).