# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00306-CV

---

**KBCB Investments, LLC, Appellant**

**v.**

**Terry Black, Appellee**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 19-0-327, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant KBCB Investments, LLC (KBCB) petitions this Court for permission to appeal from the trial court's interlocutory order denying its motion for traditional partial summary judgment.[1] *See* Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); Tex. R. App. P. 28.3; *Industrial Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 15–16 (Tex. 2022) (stating that appellate courts have discretion to grant or deny permissive appeal (citing *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731 (Tex. 2019))). For the following reasons, we deny the petition.

We begin by taking judicial notice of our records in KBCB's related appeal from the trial court's interlocutory order denying KBCB's request for a temporary injunction.

---

[1] We granted KBCB's motion for extension of time to file its permissive appeal. In his response to that motion, Terry Black represents that the trial court also granted his motion for leave to permissively appeal the trial court's denial of his motion for summary judgment and that his motion raised "limitations concerns that are case dispositive." He, however, has not filed a petition for permissive appeal with this Court.

*See KBCB Invs. v. Black*, No. 03-22-00161-CV, 2023 Tex. App. LEXIS 3418, at *1–5 (Tex. App.—Austin May 19, 2023, no pet.) (mem. op.) (reciting procedural background of litigation, including trial court's ruling on KBCB's motion for partial summary judgment); *see also R.C.C. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00687-CV, 2022 Tex. App. LEXIS 4213, at *22 n.16 (Tex. App.—Austin June 22, 2022, no pet.) (mem. op.) (taking judicial notice of reporter's record that was filed in related original proceeding); *Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied) (explaining that appellate court may take judicial notice of own records in related proceeding involving same parties).

The record in that appeal reflects that KBCB sued Terry Black seeking a declaratory judgment that a lease between Terry Black and Northside Grocery and Market, Inc. was void for lack of consideration and includes KBCB's motion for traditional partial summary judgment, which was "on the grounds that the lease and any purported renewal of the lease were void for lack of consideration, unconscionable, and unenforceable." *See KBCB Invs.*, 2023 Tex. App. LEXIS 3418, at *2. The record also contains Terry Black's response in which he raised affirmative defenses to KBCB's motion; the parties' evidence in support of their competing positions[2]; and the trial court's February 2021 order denying KBCB's motion for traditional partial summary judgment. After the trial court denied KBCB's motion, KBCB amended its petition to assert a claim of trespass and sought the temporary injunctive relief that was the subject of that appeal. *See id.* at *3.

---

[2] KBCB's evidence in support of its motion included a copy of the challenged lease, an affidavit, discovery responses by Terry Black, and documentary evidence such as minutes from meetings of the board of directors of Northside Grocery and Market, Inc. Terry Black's evidence included his declaration and excerpts from Kent Black's deposition.

Approximately two years after signing the order denying KBCB's motion for traditional partial summary judgment, the trial court signed an order to grant a permissive appeal from that interlocutory order. *See* Tex. Civ. Prac. & Rem. Code 51.014(d) (authorizing trial court to permit appeal from interlocutory order not otherwise appealable if "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation"); Tex. R. Civ. P. 168 (authorizing trial court to amend previously issued interlocutory order to include permission to appeal). In its order, the trial court identified three questions concerning the challenged lease: (i) whether the lease contains "sufficient basis for all elements of a real property lease"; (ii) if it does not, whether the court can "consider parol evidence or evidence outside the written lease"; and (iii) whether the lease "is, as a matter of law, unconscionable and thus enforceable." The trial court also stated that an immediate appeal "may materially advance the ultimate termination of the litigation," explaining that "this three-year old litigation must be set for a jury trial" with multiple witnesses; that it remained "unclear" when a jury would be available to decide the case because of the pandemic; and that "[t]o the extent the resolution of this case is a matter of law for the court," a jury trial would be unnecessary, the resources of the court and parties would be preserved, and the litigation could be concluded "far earlier than at some indefinite point in the future."

KBCB then filed a petition with this Court for permission to appeal the trial court's order. As the petitioner, it is KBCB's burden to "argue clearly and concisely" in its petition "why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* Tex. R. App. P. 28.3(e)(4);

*see also* Tex. Civ. Prac. & Rem. Code § 51.014(f) (authorizing appellate court to accept appeal permitted by Subsection 51.014(d) if appealing party timely files application for interlocutory appeal "explaining why an appeal is warranted under Subsection (d)").

KBCB argues that resolution of the trial court's identified questions concerning the lease will materially advance the litigation's "ultimate termination" because "[i]t is difficult to try a lease case if the lease's meaning and effect are uncertain to the court and the parties" and that "[s]ubstantial grounds for disagreement exist" because the case involves an "unusual situation" and "there appears to be no authority addressing this scenario and thus no guidance for the trial court." But the interplay between contract interpretation, extrinsic evidence, and the parol evidence rule is well-established, and trial courts routinely interpret contracts with varying terms and factual scenarios to determine the contracts' meaning and effect. *See, e.g.*, *URI, Inc. v. Kleberg County*, 543 S.W.3d 755, 763–69 (Tex. 2018) (discussing interplay between contract interpretation, extrinsic evidence, and parol evidence rule).

Given the procedural and factual circumstances of the case, including the parties' evidence before the trial court when it ruled on KBCB's motion for traditional partial summary judgment, we cannot conclude that an immediate appeal from the order would materially advance the ultimate termination of the litigation. *See El Paso Tool & Die Co. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.) (stating in context of petition for permissive appeal that "controlling issue needs to be solely a question of law unconstrained by procedural or factual issues"); *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (denying permissive appeal from summary judgment ruling seeking "to obtain an advance ruling on the summary judgment ground alleged in the motion before proceeding to trial" and explaining that "statute does not contemplate permissive

4

appeals of summary judgments where the facts are in dispute" and that they "should be reserved for determination of controlling legal issues necessary to the resolution of the case").

Based on our review of the "factual and procedural circumstances" here, we conclude that they "weigh against accepting review." *See JAJ Equip., Inc. v. Ramos*, No. 04-21-00459-CV, 2021 Tex. App. LEXIS 10169, at *11 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op.) (considering "factual and procedural issues" and exercising discretion to deny petition for permissive appeal); *see also Industrial Specialists*, 652 S.W.3d at 15–16. We are not convinced that resolving the questions that the trial court has identified would considerably shorten the "time, effort, and expense of fully litigating the case." *See JAJ Equip.*, 2021 Tex. App. LEXIS 10169, at *10 (explaining that it was "not convinced 'resolution of the question will considerably shorten the time, effort, and expense of fully litigating the case'" (quoting *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 544–45 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

For these reasons, we deny KBCB's petition for permissive appeal.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: August 3, 2023

5