# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00301-CV

---

**Jeffrey Ronald Burrier, Appellant**

**v.**

**Justina Joy Burrier, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. C2018-1808C, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

On May 7, 2024, appellant filed a notice of appeal from the trial court's orders "rendered by [the trial court] on February 2024 and April 13, 2024, wherein the [trial court] denied additional temporary orders" and "granted a motion to compel supplemental discovery."[1]

On May 8, 2024, this Court requested a response from appellant, asking him to explain how this Court may exercise jurisdiction over this interlocutory appeal and informing him that his appeal may be dismissed for want of jurisdiction unless he timely responded and

---

[1] On the same day that he filed the notice of appeal, appellant filed a petition of writ of mandamus and sought an emergency stay from the same underlying proceeding. This Court denied the petition a few days later. *See In re Burrier*, No. 03-24-00296-CV, 2024 Tex. App. LEXIS 3265 (Tex. App.—Austin May 10, 2024, orig. proceeding) (mem. op.). We take judicial notice of our record in that case. *See R.C.C. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00687-CV, 2022 Tex. App. LEXIS 4213, at *22 n.16 (Tex. App.—Austin June 22, 2022, no pet.) (mem. op.) (taking judicial notice of reporter's record that was filed in related original proceeding); *Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied) (explaining that appellate court may take judicial notice of own records in related proceeding involving same parties).

demonstrated jurisdiction. Appellant has filed a response, but he has failed to demonstrate that this Court may exercise jurisdiction over this interlocutory appeal.

This Court's jurisdiction generally is limited to appeals in which there exists a final or appealable judgment or order that has been signed by a judge. *See* Tex. Civ. Prac. & Rem. Code §§ 51.012 (authorizing appeal "from a final judgment of the district or county court"), .014 (authorizing appeal from certain interlocutory orders); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims). In his response, appellant agrees that a trial court's temporary orders in a family law matter are not subject to interlocutory appeal. *See* Tex. Fam. Code § 105.001(e); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam) (stating that "the trial court's issuance of temporary orders is not subject to interlocutory appeal"). And he represents that his complaint about the trial court's discovery order "has been made moot" by a trial court ruling. *See, e.g.*, *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) (explaining that Texas courts lack jurisdiction to decide moot cases). Thus, we lack jurisdiction over this interlocutory appeal and dismiss it for want of jurisdiction.[2]

---

[2] In his response, Burrier asks this Court to "grant the original petition for writ of mandamus," but to the extent he is seeking mandamus relief in this appeal, he has failed to show that he is entitled to such relief. *See* Tex. R. App. P. 52.3 (specifying required form and contents of petition), 52.3(k) (specifying required contents for appendix), 52.7(a)(1) (requiring relator to file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

_____
Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Jurisdiction

Filed:   May 31, 2024