# NO. 12-24-00295-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RUSK STATE HOSPITAL AND TEXAS HEALTH AND HUMAN SERVICES COMMISSION,* **APPELLANTS** | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DAVID MCGOWAN,* **APPELLEE** | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Rusk State Hospital (the Hospital) and Texas Health and Human Services Commission (the Commission) appeal the trial court's implicit denial of their plea to the jurisdiction. We dismiss for want of jurisdiction.

## BACKGROUND

On May 14, 2021, the trial court granted Appellee David McGowan's petition for pre-suit discovery against the Hospital and the Commission, which allowed McGowan to take the pre-suit depositions of Kerri Taylor (an investigator for the Hospital) and the Hospital's corporate representative. On May 24, the trial court denied Appellants' pre-suit plea to the jurisdiction. The Hospital, the Commission, and Taylor appealed. *See Rusk State Hospital v. McGowan*, No. 12-21-00086-CV, 2021 WL 5562828, at *1 (Tex. App.—Tyler Nov. 17, 2021, no pet.) (per curiam) (mem. op.).[1] The parties later filed a stipulation to dismiss the appeal, asking that this

---

[1] An appellate court may take judicial notice of its own records in the same or a related proceeding involving the same or nearly the same parties. *See Humphries v. Humphries*, 349 S.W.3d 817, 820 n.1 (Tex. App.—Tyler 2011, pet. denied).

Court set aside the trial court's orders granting McGowan's Rule 202 petition and denying Appellants' plea to the jurisdiction, and remand the case to the trial court to dismiss the Rule 202 petition. *Id*. We granted the agreed motion to dismiss, rendered judgment setting aside the 2021 discovery order and the 2021 order denying Appellants' plea to the jurisdiction, and remanded the case for rendition of judgment in accordance with the parties' agreement. *Id*. The record does not indicate that the trial court ever rendered judgment dismissing the Rule 202 petition or otherwise in accordance with the parties' agreement.

In July 2023, McGowan sued the Hospital for discrimination and retaliation under the Texas Human Rights Act.[2] That November, McGowan filed a motion to compel based on the 2021 discovery order, complaining that Appellants failed to comply with the order. He asked that the trial court reorder Appellants to comply with the 2021 order. On December 5, the Commission filed a plea to the jurisdiction asserting that McGowan failed to allege discrimination and retaliation claims, a prima facie aiding and abetting discrimination claim, or a pattern and practice claim. The Commission further argued that sovereign immunity barred McGowan's punitive damages claim. The Commission filed a motion to stay discovery pending resolution of the plea to the jurisdiction. McGowan filed a first amended motion to compel, in which he acknowledged that the 2021 order was set aside by agreement but argued that once the case was remanded, the trial court never entered an order disposing of the Rule 202 petition. McGowan asserted that he sought production of the same discovery, but not enforcement of the 2021 order. McGowan also sought a stay of a ruling on the plea to the jurisdiction to allow time to conduct discovery.

On December 18, the trial court granted the Commission's request for a stay of discovery. But on January 3, 2024, the trial court signed a discovery order that granted McGowan's motion to stay a ruling on the plea to the jurisdiction, granted McGowan's motion to compel discovery, ordered the parties to comply with the order of May 14, 2021, granted McGowan's request for a docket control order, and ordered the parties to submit a proposed order by February 2. On January 18, the trial court signed an order clarifying that the January 3 order "permits discovery that is germane to Plaintiff's response to Defendant's Plea to the Jurisdiction." On February 2, McGowan filed another motion to compel discovery accusing

---

[2] According to the Commission, the Hospital is a state-run hospital administered and overseen by the Commission and is not a separate entity, making the Commission the proper defendant.

Appellants of "stonewall[ing]." On July 17, the trial court signed a discovery order requiring that Appellants produce complete answers to all discovery requests within thirty days and to produce certain witnesses for deposition within sixty days. This proceeding followed.

**J<small>URISDICTION</small>**

McGowan filed a motion to dismiss the appeal on grounds that this Court lacks jurisdiction absent a ruling on the plea to the jurisdiction.

Appellate review is ordinarily limited to final judgments. *Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024). An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute. *Id*. A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that grants or denies a plea to the jurisdiction by a governmental unit. T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> A<small>NN</small>. § 51.014(a)(8) (West Supp. 2024).

Appellants appeal from the "implicit denial" of their plea to the jurisdiction. In response to the motion to dismiss, Appellants argue that the trial court ordered them to produce "blatantly non-jurisdictional" discovery, which they maintain constitutes an implicit ruling on their plea to the jurisdiction.

Appellants correctly argue that this Court may exercise jurisdiction over the implicit denial of a plea to the jurisdiction. *See Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006). In *Thomas*, jurisdiction was established where the trial court's *rulings on the merits* of some of the claims for which Thomas challenged subject matter jurisdiction constituted an implicit rejection of Thomas's jurisdictional challenges. *See id*. Distinguishing *Thomas*, the Fifteenth Court of Appeals recently rejected a contention that the trial court implicitly denied a plea to the jurisdiction by setting a case for trial. *See Paxton v. City of Austin*, No. 15-24-00078-CV, 2024 WL 4446073, at *1-2 (Tex. App.—Austin [15th Dist.] Oct. 8, 2024, no pet. h.) (mem. op.). In that case, the trial court explicitly declined to rule on the plea to the jurisdiction, instead announcing its intent to take the plea under advisement and did not issue an order or ruling on the merits but rather proceeded to trial. *Id*. at *2. Concluding that it lacked jurisdiction over the appeal, the Fifteenth Court explained, "In this case, our record does not contain any merits order that could be construed as an implicit denial of the plea to the jurisdiction as the court did in *Thomas*." *Id*.

Here, as in ***Paxton***, the record demonstrates that the trial court explicitly declined to rule on the plea to the jurisdiction. As previously discussed, the trial court signed an order granting McGowan's request for a stay of a ruling on the plea to the jurisdiction. Furthermore, at a hearing on October 3, the trial judge repeatedly stated that he had not denied the plea to the jurisdiction nor ruled on the plea to the jurisdiction.[3] The court further stated as follows:

> There may be some kind of implicit denial of a plea to jurisdiction that I am not aware of, but the court will need to decide that is the case because clearly this court has not ruled on your plea to the jurisdiction. The court is happy to rule on that once the issue is [ripe] for the court to consider, after the lapse in discovery. And so, in my mind, there's been no denial of your plea. I have not ruled on [it]. I may rule in your favor when the time comes, but it's just premature.

Subsequently, the trial court again stated, "…The court has not ruled on your plea to the jurisdiction."

Accordingly, the record before us demonstrates that the trial court neither explicitly nor implicitly ruled on the plea to jurisdiction.[4] Rather, the trial court stayed a ruling on the plea and expressly declined to rule on the plea to the jurisdiction, reserving a ruling for a later date. And we decline to construe the discovery order in this case as a ruling on the merits sufficient to constitute an implicit denial of the plea to the jurisdiction.[5] Under these circumstances, we

---

[3] Appellants argue that we cannot consider this hearing because it occurred after the rulings challenged on appeal, was not evidence before the trial court at the time it made the challenged rulings, and the record has not been supplemented to include the hearing. However, the Commission filed an original proceeding on October 8, appellate cause number 12-24-00296-CV, and included a transcript of the October 3 hearing in the record. As previously noted, this court may take judicial notice of its own records in the same or a related proceeding involving the same or nearly the same parties. *See **Humphries***, 349 S.W.3d at 820, n.1. Furthermore, we agree that an "appellate court's review of the *merits* of a trial court's ruling is limited to the record in the trial court when the trial court ruled, and the appellate court does not consider events that occurred after the trial court's ruling." ***Brazoria Civic Club v. Brazoria Cty. Appraisal Dist.***, 694 S.W.3d 854, 866 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (emphasis added). While we cannot consider the October 3 hearing when determining the propriety of any ruling on the plea to the jurisdiction, whether the trial court implicitly denied the plea to the jurisdiction does not require a decision on the merits and is not the same inquiry as whether any ruling on the plea to the jurisdiction is proper.

[4] Appellants cite ***Gordon Independent School District v. Hinkson***, 661 S.W.3d 922 (Tex. App.—Eastland 2023, orig. proceeding) as analogous to this case. However, in that case, the trial court not only allowed depositions to proceed over jurisdictional challenges, but in its pre-suit deposition order, the trial court stated it considered the plea to the jurisdiction and included a clause denying relief "not expressly granted." ***Hinkson***, 661 S.W.3d at 927-28. Thus, ***Hinkson*** included evidence of an implicit denial that this case does not have.

[5] "[T]rial courts considering a plea to the jurisdiction have broad discretion to allow 'reasonable opportunity for targeted discovery.'" ***Mission Consol. Indep. School Dist. v. Garcia***, 372 S.W.3d 629, 642-43 (Tex. 2012). "Because courts should determine whether they have jurisdiction as early as practicable, courts should allow 'reasonable opportunity for targeted discovery' if necessary to illuminate jurisdictional facts in a plea to the jurisdiction." ***Hearts Bluff Game Ranch, Inc. v. State***, 381 S.W.3d 468, 491 (Tex. 2012) (quoting ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 233 (Tex. 2004)). "Mandamus relief is available when a trial court compels production beyond the permissible bounds of discovery." ***In re Weekley Homes, L.P.***, 295 S.W.3d 309,

conclude that we lack jurisdiction over the appeal at this juncture of the proceedings. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("court may not reach the merits if it finds a single valid basis to defeat jurisdiction"); *see also Paxton*, 2024 WL 4446073, at *3; *City of Laredo v. Rodriguez*, No. 04-24-00093-CV, 2024 WL 950627, at *1-2 (Tex. App.—San Antonio Mar. 6, 2024, no pet.) (per curiam) (mem. op.) (dismissing for want of jurisdiction appeal from implicit denial of plea to jurisdiction where trial court order expressly abated a ruling on the plea until a later date and granted a continuance to conduct additional discovery on jurisdictional issues); *Guadalupe Cty. Sheriff's Office v. Garcia*, No. 13-23-00191-CV, 2023 WL 8817848, at *2 (Tex. App.—Corpus Christi Dec. 21, 2023, no pet.) (mem. op) (order did not constitute implicit denial of plea to jurisdiction where order granted continuance for purpose of permitting discovery relating to jurisdictional arguments).

## DISPOSITION

Having concluded that we lack jurisdiction over this appeal, we ***grant*** McGowan's motion to dismiss, and we ***dismiss*** the appeal for ***want of jurisdiction***. We ***lift*** our stay of October 9, 2024.

Opinion delivered October 31,2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

322 (Tex. 2009) (orig. proceeding); *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding) (granting mandamus relief where trial court ordered expedited discovery on matters unrelated to jurisdiction); *see In re Brown*, No. 05-20-00639-CV, 2020 WL 4047965, at *4 (Tex. App.—Dallas July 20, 2020, orig. proceeding) (mem. op.) (ordering trial court to vacate order deferring ruling on plea to the jurisdiction and ordering expedited discovery). Thus, in this proceeding, we do not reach the issue of whether the ordered discovery is appropriate.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00295-CV**

**RUSK STATE HOSPITAL AND TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
Appellants
V.
**DAVID MCGOWAN,**
Appellee

Appeal from the 2nd District Court
of Cherokee County, Texas (Tr.Ct.No. 2021040098)

THIS CAUSE came to be heard on the appellate record and the Appellee's motion to dismiss; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*