Raymond C. CLARK et ux., Appellants,

v.

Wanda McCARTER, Appellee.

No. 15580.

Court of Civil Appeals of Texas.

Dallas.

Jan. 29, 1960.

Brown & Brown, Garland, James L. Mitchell, Dallas, for appellants.

Earl R. Parker and Burt Barr, Dallas, for appellee.

YOUNG, Justice.

This is a change of custody case; the appeal being from an order commanding appellants to immediately deliver possession of the infant boy, Stephen Ralph McCarter, to appellee, its natural mother; the judgment expressly reciting that "no testimony was heard."

Appellants' statement of nature of suit is not accepted by appellee. We glean therefrom however as unchallenged that Wanda McCarter, a single woman, gave birth to the named infant on March 18, 1958; Raymond C. Clark and wife, Berline, at that time acquiring custody of the infant, but at whose instance is not shown; the Clarks allegedly having continued in possession.

The instant suit—a petition for writ of habeas corpus—was filed by Wanda McCarter against appellants on October 28, 1958, alleging that the child was being illegally restrained of its liberty, praying for possession; and the Clarks were notified to appear before the Juvenile District Court on November 4, 1959, to show cause why custody should not be turned over to her. These defendants answered, first, by plea of res adjudicata in that Wanda McCarter by

an earlier petition for Writ of Habeas Corpus had sought possession of the child; with hearing had before Honorable Royce Stout of the 40th District Court, sitting for Judge of the Juvenile District Court, Dallas County; resulting in a judgment dated October 16, 1958, decreeing that said minor child, Stephen Ralph McCarter, should be left in care and custody of Raymond C. Clark and wife, to which order Wanda McCarter excepted and gave notice of appeal to this Court.

By cross action, the Clarks sought to have the subject child declared neglected and dependent under provisions of Art. 2330 et seq. Vernon's Ann.Civ.St.; alleging the untoward circumstances of its birth on March 18, 1958; detailing facts to effect that the mother was an unfit person, having abandoned said child since birth; at that time giving written consent to others for its adoption, which instrument was later revoked. In answer, by amended petition to said plea in bar, appellee alleged changed conditions since the judgment of October 16, perforce of which she was now entitled to custody.

Said Writ of Habeas Corpus was granted November 6, 1959; the court ordering "instanter" delivery of the infant to Wanda McCarter; appellants the following day moving for supersedeas or suspension of order during pendency of appeal under provisions of Rule 364(f), Texas Civil Procedure, which the court refused. The moving parties then applied to the Court of Civil Appeals for a stay order, which being granted on bond of $500 the child has remained with appellants pending this appellate proceeding. It is also to be noted that on November 7, 1959, appellants requested a nonsuit of their cross action seeking to declare the child neglected and dependent. Art. 2330. A nonsuit was duly allowed.[1]

1. In further connection with the order complained of, appellants tendered a bill of exceptions which the court qualified and allowed as follows:

"Be It Remembered that on the 18th day of November, 1958, Respondents herein, by and through their attorney, requested a Bill of Exceptions and filed same among the papers of this cause; that the Court, after reading and considering said Bill of Exceptions, refuses same and enters herein his qualified Bill of Exceptions as follows:

"Be It Remembered that on the 4th day of November, 1958, the above entitled and numbered cause was duly and regularly called for trial by the Honorable Dwight McCormack, Judge of the Juvenile Court of Dallas County, Texas, at 9:30 o'clock a. m., and upon the Honorable Court so calling the case for trial, the Honorable Earl Parker, attorney for the plaintiff, Wanda McCarter, announced ready. Whereupon, the Court announced that the case would be the number one case and the Court would try the same in approximately one-half hour. Whereupon, the Honorable Fred R. Brown, announced to the Court that the Honorable James L. Mitchell was engaged in a jury trial in the 95th Judicial District Court that had convened on the 3rd day of November, 1958, that the said James L. Mitchell was the attorney of record for the defendants and that therefore the defendants would have to announce not ready until such time as Mr. James L. Mitchell were to be released from the 95th District Court.

"Whereupon the Honorable Dwight McCormack, Judge of the Court, announced that the case would be held in its number one position on the Court's docket until Wednesday, November 5, 1958, at 1:30 o'clock p. m. at which time each of the attorneys were requested to be in attendance upon the Court.

"Be It Further Remembered that on the 5th day of November, 1958, at approximately 1:30 o'clock p. m., each of the attorneys did appear before the Honorable Dwight McCormack, Judge of the Juvenile Court of Dallas County, Texas, and once again announced to the Court that the said James L. Mitchell was still engaged in trial at the 95th Judicial District Court, and that accordingly the defendants were announcing not ready until such time as Mr. Mitchell could be in attendance at the trial. Whereupon, the Honorable Dwight McCormack instructed the attorneys to be in attendance upon the Court at 10:00 o'clock a. m. on Thursday November 6, 1958.

"Be It Remembered that the above entitled and numbered cause was once again called for trial by the Honorable Dwight McCormack at 10:00 o'clock a. m. on Thursday, November 6, 1958, whereupon, the Honorable Earl Parker an-

Appellants' points of appeal relate (1) to court error in overruling their pleas of res adjudicata and in abatement of the suit filed October 28, 1959, numbered and styled Cause 581940, Wanda McCarter v. Raymond C. Clark and wife, Berline W. Clark," and (2) that the trial court's judgment was erroneous "in that there was no evidence to support the same."

■ In the present state of the record (no statement of facts reflecting the pleading in Cause No. 581435, filed September 22, 1958, in nature of petition for Writ of Habeas Corpus, styled McCarter v. Clark, Et Ux, which resulted in the judgment rendered by Judge Stout on October 16, 1958,) we are unable to pass upon the issues raised in Point 1 above; but manifestly Point 2 under the record must be sustained. Appellee seeks to justify a validity of the trial court's order (also asserting its nonappealability) in counter point that the order was only temporary; the court having ample authority to place the infant with its mother pending final hearing on the merits. But the sole object of the proceeding, insofar as petitioner, Wanda McCarter, was concerned, was award of custody to her; fully effectuated under the judgment rendered without testimony as follows:

"That the writ of Habeas Corpus should be granted and that the custody of the minor child, Stephen Ralph McCarter, be awarded to its natural mother, Wanda McCarter, instanter.

"It is further ordered, adjudged and decreed by the Court that the said Respondents, Raymond C. Clark and wife, be and they are hereby directed to deliver said child to its natural mother, Wanda McCarter, instanter.

"It is further, ordered, adjudged and decreed by the Court that the Clerk of this Court is directed to issue such writs of attachment as are necessary, directing the Sheriff of Dallas County, Texas, to take in his possession the minor child, Stephen Ralph McCarter, and immediately turn it over to its natural mother, Wanda McCarter * *".

■ By its terms, the order granted petitioner all the relief prayed for and was appealable; same being also fundamentally

nounced ready on behalf of the plaintiff, but the defendants announced not ready by Fred R. Brown, because the said James L. Mitchell was still engaged in trial of a jury case in the 95th District Court. That at about 10:30 o'clock a. m. the Honorable Dwight McCormack, Judge of said Court, inquired of the Honorable Fred R. Brown as to when Mr. James L. Mitchell would be through with his case in the 95th Court so as to be available for trial in the Juvenile Court. Whereupon, Mr. Fred R. Brown announced to the Court he was not certain, but felt that he could assure the Court that Mr. Mitchell would be available by Thursday afternoon or Friday morning at the latest.

"Whereupon, the Honorable Dwight McCormack announced from the bench that he was granting the Writ of Habeas Corpus as prayed for by the plaintiff and directing that the minor child be immediately placed in the care, custody and control of the plaintiff, Wanda McCarter, *pending the final hearing of the merits*.

"And, thereafter, defendant objected to the Court's ruling and gave notice of appeal to the Court of Civil Appeals for the 5th Supreme Judicial District sitting at Dallas, Texas.

"Defendants hereby except to the ruling of said Court and tender this Order qualifying Respondents Bill of Exceptions and ask that it be filed and signed as a part of the records in this cause.

"The foregoing Bill of Exceptions having been presented to me, the undersigned Judge of said Court, for allowance and signature, having been found by me to be incorrect, the same is not allowed, but the attached and foregoing Qualified Bill of Exceptions is hereby allowed and ordered filed with the Clerk of this Court as a part of the record in such cause on this the 19th day of November, 1958.

"Dwight McCormack
"Judge, Juvenile Court"

In above qualified bill is the italicized Court recital "pending the final hearing of the merits". Said recital is of no effect because the judgment of custody speaks for itself. Goodman v. Goodman, Tex.Civ.App., 236 S.W.2d 641.

**366**

erroneous in that on its face is the recital that no testimony was heard. The Court's judgment of October 16, 1958, referred to by both parties reflect much prior litigation concerning this child; for instance, adoption proceedings; a judgment declaring it dependent and neglected, set aside by Judge Stout, who then found that the child should be left in possession of appellants. In view of this highly controversial background appellee does not even argue that her suit for possession based on change of conditions should be resolved without hearing of testimony. See Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787 in this connection.

The judgment under review is reversed and cause remanded to the trial court.