Raymond C. CLARK et ux., Appellants,

v.

Wanda McCarter CHRIETZBERG et vir, Appellees.

No. 15846.

Court of Civil Appeals of Texas.

Dallas.

June 30, 1961.

Rehearing Denied July 28, 1961.

Brown & Brown, Garland, for appellants.

Burt Barr, Dallas, for appellees.

DIXON, Chief Justice.

This is the second appeal in a case seeking to change the custody of a child. For the first appeal see Clark v. McCarter, Tex.Civ.App., 332 S.W.2d 363.

At the outset we are met with certain questions of law pertaining to the nature of the cause of action and the scope of the record which has been presented to us for consideration.

Appellee, Wanda McCarter Chrietzberg, 26 years of age, is the natural mother of a child born out of wedlock. In her brief she says: "The nature of this case is a Writ of Habeas Corpus—Contrary to the statement made by appellants, this was not a suit to change custody, but a suit for custody."

It is true that the suit was brought in the form of an application for a writ of habeas corpus. But it is nonetheless a suit for a change of child custody. In the absence of any statutory provisions for determining the custody and control of children other than in divorce cases, it is customary to invoke the equitable jurisdiction of our courts through the medium of an application for a writ of habeas corpus in order to adjudicate a child custody question in a case such as this one. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Kell v. Texas Children's Home & Aid Society, Tex.Civ. App., 191 S.W.2d 900; 21 Tex.Jur. 419.

█ And this is a suit to change custody, not a suit for a first award of custody. The child, a little boy, was born March 18, 1958. He has been in the care and custody of appellants since he was two days old. In previous court actions care and custody of the child was awarded to appellants. The difference between a first award of custody and change of custody becomes important in determining what legal principles should determine the court's decision. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790.

■ Appellee in her brief and in oral argument complains that appellants have gone outside of the record in that they are "bringing forth into this record matters that have heretofore been disposed of by this court and the trial court." We do not agree with appellee. This court takes judicial notice of its records of a prior appeal of the same case. Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L.R.A.,N.S., 381; Buckner Orphans Home v. Berry, Tex.Civ. App., 332 S.W.2d 771; 23 Tex.Jur.2d 51. The record of the first appeal in this case contains factual information not only of the suit in which the first appeal was taken, but also of a prior suit filed by appellee.

Following the birth of the child out of wedlock on March 18, 1958, appellee, the natural mother, signed an instrument giving consent to others to adopt the child. Care and custody was given to appellants. On August 4, 1958 the Juvenile Court entered a judgment declaring the child to be dependent and neglected, and his care and custody was awarded to appellants. At about the same time appellants also filed a suit seeking to adopt the child.

On August 20, 1958 appellee filed an application for a writ of habeas corpus in which action she sought custody of the child. Prior to filing said application she had withdrawn her consent for adoption. Hon. Royce Stout, Judge of the 40th District Court, sitting for Judge of the Juvenile Court of Dallas County, consolidated appellants' suit for adoption and appellee's habeas corpus action. Appellee also sought to set aside the judgment declaring the child dependent and neglected. At the end of a hearing begun October 9, 1958, Judge Stout entered judgment dismissing without prejudice appellants' suit for adoption, and setting aside the earlier judgment of dependency, but remanding the custody of the child to appellants.

A few days later, on October 28, 1958, in the same court appellee filed another application for a writ of habeas corpus, the instant suit. It was in this second action that judgment was rendered in appellee's favor without hearing any evidence. On appeal we reversed the judgment and remanded the cause for trial. See Clark v. McCarter, Tex.Civ.App., 332 S.W.2d 363.

Meantime Hon. Dwight McCormack, Judge of the Juvenile Court, had died and had been succeeded by Hon. Lewis Russell, before whom the case was tried following the reversal and remand. On June 2, 1960 Judge Russell after hearing evidence rendered judgment awarding the custody of the child to appellee. It is from said judgment that the present appeal has been prosecuted.

The record reveals that on December 4, 1959 appellee married William Chrietzberg, 29 years of age, who is employed by the Statler-Hilton Hotel in Dallas as manager of the Hotel's Court Club at a salary of about $700 per month. The Court Club is a private club which serves food and drink—the latter under a locker system. Prior to his promotion to the position of manager of the Court Club, Chrietzberg was employed by the hotel as assistant beverage manager. He is a graduate of the University of Denver, where he studied hotel and restaurant management. He has also done work in the Mexico City College toward a master's degree in foreign trade. Appellee and Chrietzberg first met at the University of Denver, where they were both students. Chrietzberg is aware of the circumstances in connection with the birth of the child in controversy. He is willing to take the child into their home and to support and care for it.

Appellee Wanda McCarter Chrietzberg was also employed until recently by the Statler-Hilton Hotel. She worked in the hotel office. In order to devote her full time to the child she resigned her job the day before the trial began on June 1, 1960. About 10 or 15 days prior to the trial appellee and her husband rented a two-bedroom upstairs apartment in a good neigh-

borhood where they intend to live with the child.

Several persons testified to the good character and conduct of appellee and her husband. The pastor of the Lakewood Methodist Church testified that they were members of his church and attended about 50% of the time. Some Sundays they were out of town visiting his family. The pastor had helped Wanda find a place to stay when she returned to Dallas. She stayed in the home of Mr. and Mrs. Zerbe who are also members of the Lakewood Methodist Church. Both the pastor and his wife and the Zerbes were aware of the circumstances in connection with the birth of the child.

The Zerbes and the pastor and his wife have seen the Chrietzbergs frequently over a period of many months and speak with confidence of their integrity, excellent character and good faith as Christian people intent on establishing a good home for the child.

Appellee Wanda Chrietzberg has not informed her mother and father or any of her family of the existence of the child.

The Clarks, who have had custody of the child since its birth, are also highly recommended by persons who know them. They live in Rockwall, Texas, where Clark is engaged in business as a contractor and real estate developer. His income is about $11,-000 per year. They live in a three-bedroom house on a large lot. Besides the child in controversy they have in their home a little girl about four years old. They had adopted the little girl. Mrs. Clark teaches a class of twelve year old girls in the First Baptist Church in Rockwall. Clark teaches a class of twelve year old boys. Mrs. Clark is 46 years of age. Clark is 54 years of age.

The little boy and the little girl get along well with each other and are well adjusted in the home as brother and sister. The little boy loves the Clarks and they love him.

It is obvious from the record before us and from the position taken by appellee in her brief on appeal and in the oral argument presented in her behalf that the trial court based his decision in this case on erroneous conclusions of law. This is reflected in the court's findings of fact and conclusions of law. We quote material parts of the findings and conclusions:

"4. I find that Wanda McCarter Chrietzberg and her husband have an established home and that the husband is gainfully employed. 3. I find that Wanda Chrietzberg is a good Christian woman and of good sound health and is able to take care of said child and that she will take good care of said child. 6. I find that Wanda McCarter Chrietzberg has shown a change in her circumstances demonstrative of her improved condition and fitness as custodian of her own child. 7. I find that the best interest of said minor child would be served by placing him with his natural mother and step-father. 8. I find that the Defendants have failed to prove that the best interest of the child requires that his natural mother and step-father be deprived of his custody. 9. I find that the Defendants have failed to prove that the best interest of said child requires that his continued custody be left in the Defendants' home. 10. I find that the Defendants have failed to prove that the natural mother is unfit to have custody or is disqualified to have custody or that the best interest of said child demands that the parents be deprived of his custody. 11. I find that the Defendants have failed to prove that the child would be harmed physically, mentally or morally by giving his custody to his mother or any circumstances which would affirmatively demonstrate that there would be lack of solicitude for the welfare of the child were it given to his natural mother rather than leaving it with the Defendants."

*Conclusions of Law.* "1. *That the natural mother has made out a prima*

*facie case that has not been refuted by the Defendants and that the Court does not have discretion unless the elements constituting a prima facie case is rebutted.* 2. That the best interest of said child would be with his mother.

\* \* \* \* \* \*

"Additional Findings. 6. I find that the minor child Steven Ralph McCarter has resided in the home of Raymond C. Clark and his wife since March 21, 1958 to the date of the trial of this cause. \* \* \* 8. I find that the minor child, Steven Ralph McCarter is a well mannered, well adjusted and well disciplined child. 9. I find that Mr and Mrs Raymond C. Clark are good christian people of good sound health and well able mentally, physically, morally and financially to care for said minor child. 10. I find that Mr and Mrs Raymond C. Clark have provided for Steven Ralph McCarter a good christian home from March 31, 1958 to the date of the trial of this cause. 11. I find that at the date of this trial, legal custody of the minor child, Steven Ralph McCarter, was in Mr and Mrs Raymond C. Clark." (Emphasis ours.)

Appellee says that appellants did not object to the trial court's findings of fact, therefore this court is bound by said findings. In support of this contention appellee cites a number of cases and quotes from Richardson v. Revell, Tex.Civ.App., 232 S. W.2d 650.

■ Appellee correctly states the rule when no statement of facts appears in the record. However, when there is a statement of facts in the record, as there is in this case, the findings are not conclusive even if the findings are not excepted to by appellant. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156; Hawkins v. Maxfield, Tex.Civ.App., 318 S.W.2d 492.

It is evident that in arriving at his decision in the trial judge was erroneously guided by the holdings in Meek v. Taylor,

Tex.Civ.App., 269 S.W.2d 545. In that case, which involved a change of custody, it was held that the presumption that the best interests of a minor child are best served through its custody in its parents, persists unless and until the contrary is shown. It was further held that where a parent seeks custody of his child presently in the custody of another person pursuant to a court order, if the parent makes out a prima facie case the trial court has no discretion but to vest the parent with custody unless the case is rebutted (1) in relation to the elements proved by the parents in establishing a change of condition, or (2) unless the present custodian discharges his burden to prove the parent unfit, or (3) that the best interests of the child require that the parent be deprived of custody. There were also other holdings.

In her brief appellee cites Meek v. Taylor, supra, and quotes from the opinion. The trial court did find that the best interests of the child would be served by placing him with his mother and stepfather.; but examination of other findings and of the conclusions of law plainly show that the court was guided to such findings as a result of his belief that he was bound by the presumption in favor of the mother, not in the exercise of his discretion. That this is so is expressly stated by the court in his Conclusion of Law No. 1.

The judgment and holdings in Meek v. Taylor, Tex.Civ.App., 269 S.W.2d 545, relied on by appellee, were reversed by our Supreme Court in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790. We think it well to quote from the Supreme Court's opinion:

"*But whether or not such a change warrants a change of custody is a question within the discretion of the trial court.* \* \* \* The first judgment at the time it was entered was res adjudicata of the question of the child's best interest and of the custody. \* \* \* So it cannot now be questioned that at that time it was to the best interest of

the child to award custody to the grandparents. *In determining the question of the child's best interests, there is this difference between the first award and change of custody. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced the change is to be a positive improvement for the child.* * * * Although this presumption should be considered by the trial judge in weighing the evidence, it cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody." (Emphasis ours).

In the above opinion our Supreme Court quoted with approval from the opinion in Taylor v. Taylor, Tex.Civ.App., 42 S.W. 2d 455, 456 wherein the court said:

"The presumption is that the best interest of the children will be subserved by awarding them to the natural parent, but this is a rebuttable presumption, and it is not necessary that the repondents prove that the natural parent is disqualified by immorality or misfortune."

■ Appellants' three points on appeal assert that the judgment of the trial court is erroneous because (1) it is not supported by findings of fact, or conclusions of law, (2) it is so against the great weight and degree of the evidence as to be manifestly wrong, and (3) the trial court abused his discretion. We sustain these three points.

■ In connection with point No. 2 the evidence certainly shows a change and improvement in conditions in regard to the circumstances of the mother since the last adjudication of custody. But in our opinion the evidence is insufficient to show that a change in custody would be a positive improvement for the child. Taylor v. Meek, supra.

The judgment of the trial court will be reversed and the cause remanded for another trial.

Reversed and remanded.