**Conditionally Granted in Part, and Denied in Part; Opinion Filed May 15, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00410-CV

### IN RE STACEY D. HOWARD, Relator

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-04354-2013**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

Relator Stacey D. Howard was convicted of capital murder in 1995 and is currently serving a life sentence. On October 29, 2013, Howard filed the underlying proceeding seeking a judgment against Jack Lowrey, a former inmate, for money Lowrey allegedly owed Howard. In 2014, the trial court dismissed Howard's claims for want of prosecution but reinstated the case on Howard's motion. Howard filed various motions before the subsequent trial setting, including a request for a bench warrant to allow Howard to appear in person at trial. The trial court dismissed the case again and did not rule on Howard's pretrial motions. Howard appealed, and this Court reversed and remanded "for further proceedings consistent with this opinion." *See Howard v. Lowery*, No. 05-15-01380-CV, 2017 WL 1536494, at *3 (Tex. App.—Dallas Apr. 26, 2017, no pet.) (mem. op.) (concluding the trial court abused its discretion in dismissing the case for want of prosecution and failing to grant Howard's motion to reinstate).

In this original proceeding, Howard complains that the trial court has still not ruled on his previously-filed motions, including the motion for bench warrant and motion for summary judgment, and has not set the case for trial. By order dated April 11, 2019, we requested the real party in interest and Respondent file their responses, if any, to the petition for writ of mandamus by April 30, 2019. Respondent filed a response, but the real party in interest did not. After reviewing the petition, Respondent's response, and the mandamus record, we conclude relator is entitled to mandamus relief as to his request that the trial court set the case for trial.

## Mandamus Standard

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time, (2) the relator requested a ruling on the motion, and (3) the trial court refused to rule. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979); *In re Buholtz*, No. 05-16-01312-CV, 2017 WL 462361, at *1 (Tex. App.—Dallas Jan. 31, 2017, orig. proceeding) (mem. op.); *Crouch v. Shields*, 385 S.W.2d 580, 582 (Tex. App.—Dallas 1964, writ ref'd n.r.e.).

A trial court is required to consider and rule upon a motion within a reasonable time. *Safety–Kleen Corp.*, 945 S.W.2d at 269; *In re Craig*, 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case, and no bright line separates a reasonable time period from an unreasonable one. *In re Shapira*, No. 05-16-00184-CV, 2016 WL 1756754, at *1 (Tex. App.—Dallas Apr. 29, 2016, orig. proceeding) (mem. op.). Among the criteria included are the trial

court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters that must be addressed first. *Id.*; *In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665, at *3 (Tex. App.—Corpus Christi-Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.).

## Discussion

Howard maintains that the trial court has not ruled on several motions, including Howard's motions to set a trial date, motion for summary judgment, motion for rendition of judgment, application for bench warrant, two petitions for writ of habeas corpus ad testificandum, motion for discovery sanctions, and requests for rulings and hearing dates. These pleadings were filed between April 8, 2014 and January 23, 2018. In his response to the petition, Respondent attached orders dated April 15, 2019 granting in part relator's motion for summary judgment and denying relator's request for a bench warrant. Respondent further stated in the response that Howard has requested to be present for trial, but "[t]he trial court has no intention of issuing a bench warrant or any other type of process to provide [relator's] attendance when he is service [sic] a sentence for Capital Murder." Respondent also averred that he "sees two equally legitimate options" for handling the trial in this case. First, Respondent suggested he would "happily work with the prison authorities so [relator] can appear electronically for trial." Second, he suggested the trial court carry the case on its docket until Howard is paroled.

In a civil action, an inmate retains a right of reasonable access to the courts and cannot be denied access to the courts simply because he is an inmate. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Boulden v. Boulden*, 133 S.W.3d 884, 886–87 (Tex. App.—Dallas 2004, no pet.). Although there is no absolute right for an inmate to appear in person in a civil case, where the trial court determines personal appearance is not warranted, it should allow the inmate to proceed by affidavit, deposition, telephone, or other effective means. *Boulden*, 133 S.W.3d at 886–87; *In re*

*Webb*, No. 07-15-00050-CV, 2015 WL 4462181, at *2, n.3 (Tex. App.—Amarillo July 21, 2015, orig. proceeding) (mem. op.); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding). "At a minimum, due process requires a meaningful opportunity to be heard." *In re Webb*, 2015 WL 4462181, at *2, n. 3.

Although Respondent has not explicitly refused to set the case for trial, he has failed to set the case for trial within a reasonable time. The case has been pending in the trial court since July 10, 2017 when this Court's mandate issued remanding for further proceedings in cause number 05-15-01380-CV. Moreover, Respondent's suggestion that the trial court carry the case until Howard is released from confinement is the equivalent of explicitly refusing to set the case for trial and constitutes a failure to rule within a reasonable time. *See In re Webb*, 2015 WL 4462181, at *2. By failing to rule on Howard's requests for a trial setting and failing to set the case for trial, the trial court has failed to perform a ministerial duty, and Howard is entitled to mandamus relief.

**Conclusion**

Accordingly, we conditionally grant the writ of mandamus as to Howard's request that the trial court rule on his outstanding motions and his requests for a trial setting. We direct the trial court to, within thirty days of the date of this opinion, issue written rulings on all motions pending as of the date of this opinion,[1] and issue a written order setting the case for trial in order to proceed to judgment. *See In re Harrell*, No. 01-11-00760-CV, 2012 WL 252189, at *4 (Tex. App.— Houston [1st Dist.] Jan. 26, 2012, orig. proceeding) (mem. op.). In light of the trial court's denial of Howard's request for a bench warrant, we further direct the trial court to allow Howard to participate in pre-trial hearings and trial by affidavit, deposition, telephone, or other effective and

---

[1] Respondent did not deny that multiple motions remain pending before him in this case. Taking judicial notice of the clerk's record filed in cause number 05-15-01380-CV and the Court's opinion in that proceeding, we conclude that multiple motions remain pending in the trial court. *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (holding that a court may take judicial notice of its own files, but it cannot take judicial notice of the truth of any allegations contained in its records); *Clark v. Chrietzberg*, 348 S.W.2d 476, 478 (Tex. App.— Dallas 1961, writ dism'd) (court may take judicial notice of its records of a prior appeal of the same case).

constitutionally-reasonable means. *See In re Webb*, 2015 WL 4462181, at \*2. A writ will issue if the trial court fails to comply.

We deny the petition for writ of mandamus as to Howard's complaint that Respondent has not ruled on Howard's motion for summary judgment and request for bench warrant because Respondent has now ruled on those motions and requests.

/Lana Myers/
LANA MYERS
JUSTICE

190410F.P05