**Conditionally Granted; and Opinion Filed May 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-19-00426-CV
_____

## IN RE AARON WADE SMITH, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 060321**

# MEMORANDUM OPINION
Before Justices Myers, Molberg, and Nowell
Opinion by Justice Molberg

Relator Aaron Wade Smith filed a motion titled "Habeas Corpus / District Court" in the trial court in November 2018. In that motion, relator seeks a copy of the trial transcript or, alternatively, access to the trial transcript, for use in preparing a post-conviction petition for writ of habeas corpus. In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on and grant that motion. By order dated April 18, 2019, we requested responses from the real party in interest and Respondent. The responses were due on May 2, 2019, but none were filed. After reviewing the petition and the mandamus record, we conclude relator is entitled to the relief requested, and we conditionally grant the writ of mandamus.

**Jurisdiction**

We first address this Court's jurisdiction over this proceeding. While courts of appeals have mandamus jurisdiction in criminal matters, *see* TEX. GOV'T CODE ANN. § 22.221, only the Texas Court of Criminal Appeals has jurisdiction in final, post-conviction habeas corpus

proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718. If an applicant finds it necessary to complain about an action or inaction of the convicting court in relation to an 11.07 action, the applicant may seek mandamus relief directly from the Texas Court of Criminal Appeals. *Id.* "When there is no pending application for habeas corpus filed under Article 11.07 of the Code of Criminal Procedure," however, then the court of appeals is not without jurisdiction to rule on mandamus petitions relating to a motion requesting access to material that could be used in a future habeas application. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (orig. proceeding) (per curiam).

Here, relator titled the motion at issue "Habeas Corpus / District Court." Despite the title, the motion seeks a copy of the transcript or, alternatively, access to the trial transcript for relator to use in preparing a post-conviction petition for writ of habeas corpus. In the motion, relator does not seek habeas corpus relief or attack the underlying judgment. We construe relator's "Habeas Corpus / District Court" motion as a motion requesting access to material rather than a request for habeas corpus relief because the motion itself does not seek article 11.07 relief. *See State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) (substance of pleading controls over title or form); *Bertrand v. Bertrand*, 449 S.W.3d 856, 864, n.9 (Tex. App.—Dallas 2014, no pet.) (same citing *Heard*); *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (substance of a pleading or writing controls over the title or label appended to it). As such, we conclude we have writ jurisdiction over this proceeding. *See Padieu*, 392 S.W.3d at 117–18.

**Mandamus Standard**

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Timms*, No. 05–16–00129–CV, 2016 WL 542112, at *1 (Tex. App.—Dallas Feb. 11, 2016, orig. proceeding) (mem. op.); *see also In re Hogg–Bey,* No. 05-15-01421-CV, 2015 WL 9591997, at *1–2 (Tex. App.—Dallas Dec. 30, 2015, orig. proceeding) (mem. op.). A trial court has a reasonable time within which to consider a motion and to rule. *In re Craig,* 426 S.W.3d 106, 107 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding). To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

This Court has jurisdiction to direct the trial court to rule but not to compel the trial court to rule a certain way on an issue involving judicial discretion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding) ("While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be."). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus

record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

**Discussion**

In a prior original proceeding, relator's mandamus record included non-certified and unsworn copies of the motion at issue, which showed a mailing date of November 4, 2018, and a "Motion to Compel," showing a mailing date of November 20, 2018, in which relator sought to compel the trial court to rule on his "Habeas Corpus / District Court" motion. *See In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *2 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding). The record in the prior proceeding, however, did not include a copy of the trial court's docket sheet or other form of proof to show that those motions were filed and the trial court had not ruled on the motions. *Id.* In this proceeding, relator did not include copies of the "Habeas Corpus / District Court" motion or the motion to compel. Instead, relator included a copy of the trial court's on-line docket sheet, which shows that the "Habeas Corpus / District Court" motion was filed on either November 16, 2018 or November 18, 2018; a "Motion to Compel" was filed on November 26, 2018; and no action has been taken by the trial court on either filing.

We may take judicial notice of the motion and the motion to compel that were attached to the prior mandamus petition and, in the interest of justice and judicial economy, we choose to do so here. *See In re Innovation Res. Sol., LLC*, No. 12-15-00254-CV, 2016 WL 1254058, at *3 (Tex. App.—Tyler Mar. 31, 2016, orig. proceeding) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding); *see also Humphries v. Humphries*, 349 S.W.3d 817, 820, n.1 (Tex. App.—Tyler 2011, pet. denied) (appellate court may take judicial notice of its own records in same or related proceeding involving same or nearly same parties); *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) (holding that a court may take judicial notice of its own files, but it cannot take judicial notice of the truth of any allegations

–4–

contained in its records); *Clark v. Chrietzberg*, 348 S.W.2d 476, 478 (Tex. Civ. App.—Dallas 1961, writ dism'd) ("This court takes judicial notice of its records of a prior appeal of the same case.").

Relators' "Habeas Corpus / District Court" motion and his motion to compel a ruling on the motion have been pending in the trial court for more than five months, and relator has now twice sought relief in this Court. The State and Respondent declined our request to file responses to the petition in this proceeding. The trial court has had a reasonable time in which to rule on the "Habeas Corpus / District Court" motion but has taken no action. Under this record, we conclude the trial court has violated its ministerial duty to rule on relator's motion within a reasonable time and relator is entitled to mandamus relief. Accordingly, we conditionally grant relator's petition for writ of mandamus and direct the trial court to issue a written ruling on relator's "Habeas Corpus / District Court" motion within thirty days of the date of this opinion. A writ will issue if the trial court fails to comply.

/Ken Molberg/
KEN MOLBERG
JUSTICE

190426F.P05