

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00026-CV

———————————————————

IN RE C.B., Relator

---

Original Proceeding
158th District Court of Denton County, Texas
Trial Court Nos. 24-1121-158, 24-1120-158, 21-3378-158

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

This original proceeding arises from a same-sex divorce that includes a suit affecting the parent–child relationship (SAPCR).[1] Relator C.B.[2] filed this original proceeding seeking mandamus relief on due-process grounds from the trial court's orders (1) requiring genetic testing to determine the parentage of R.R.B., a child borne by H.B. (Mother) during her marriage to Relator; (2) adjudicating R.R.B.'s parentage; and (3) dissolving temporary orders governing Relator's rights to possess and access R.R.B. Although we conclude that Relator is not entitled to mandamus relief from the trial court's order requiring genetic testing, we grant her mandamus relief from the order adjudicating parentage and dissolving the temporary orders, and we direct the trial court to hold a properly noticed hearing on these issues.

## I. BACKGROUND

Relator and Mother were married in July 2017. During their marriage, Mother became pregnant with R.R.B., who was born in November 2018. Mother and Relator informed the hospital staff that they were R.R.B.'s parents, and they are both listed as parents on her birth certificate. Relator and Mother lived together as spouses and jointly raised R.R.B. until April 2021 when Mother filed for divorce.

---

[1]This case actually involves two distinct SAPCRs concerning two separate children, R.R.B. and R.G.H. But Relator's mandamus petition—and hence our opinion—concerns only the SAPCR involving R.R.B.

[2]Because this mandamus proceeding arises from a SAPCR, we refer to the parties by their initials. *See* Tex. Fam. Code Ann. § 109.002(d).

In Mother's original divorce petition, she listed R.R.B. as a child of the marriage. But in September 2021, she filed an amended petition denying Relator's parentage of R.R.B. In her amended petition, she also identified C.H. as an "additional [r]espondent." Shortly after Mother filed her amended petition, C.H. filed an answer in which he claimed that he was R.R.B.'s biological father and asked to be legally declared her father.

In February 2022, the trial court held the first temporary-orders hearing in this case. Relator, Mother, and C.H. all appeared.[3] After an off-the-record discussion between the judge and the attorneys, Relator and Mother reached an agreement for the entry of temporary orders setting forth Relator's and Mother's rights and duties with respect to R.R.B. Under the temporary orders—which did not include C.H.— Relator was required to pay child support and was granted an "expanded standard possession schedule."

After the temporary orders were entered, C.H. filed a petition in intervention seeking genetic testing to determine R.R.B.'s parentage as well as a declaratory judgment that he is R.R.B.'s biological father and that Relator is not her mother. In August 2023, because Relator opposed C.H.'s genetic-testing request, the trial court appointed an amicus attorney for R.R.B.[4] On May 22, 2024, Relator filed a formal

---

[3]C.H. appeared pro se and did not actively participate in the hearing.

[4]*See* Tex. Fam. Code Ann. § 160.608(c) (providing that in a proceeding invoking a court's authority to deny a motion for genetic testing, "a child who is a minor or is

3

motion to deny genetic testing and to dismiss C.H.'s petition in intervention. The following day, after conferring with Relator's and C.H.'s attorneys in chambers—and without conducting an evidentiary hearing—the trial court abated all pending motions, dismissed the amicus attorney, and ordered R.R.B., Mother, and C.H. to submit to genetic testing.[5]

In August 2024, the genetic testing was completed in accordance with the trial court's order. According to the testing lab's report,[6] there is a greater-than-99-percent probability that C.H. is R.R.B.'s father.

On November 21, 2024, the trial court held a hearing on Relator's motions to compel discovery and C.H.'s motions for a protective order and an order severing

---

incapacitated must be represented by an amicus attorney or attorney ad litem").

[5]Although the trial court orally ruled on C.H.'s genetic-testing request on May 23, 2024, the written order was not signed until July 18, 2024.

[6]Even though the lab report was admitted into evidence at the November 21, 2024 hearing, Relator did not include it in the mandamus record. But it was included in the reporter's record filed in Relator's interlocutory appeal (which we dismissed for lack of jurisdiction) from the same orders that she now challenges in this mandamus proceeding. Because this proceeding involves the same issues and the same parties as the prior appeal, we can—and do—take judicial notice of the lab report. *See Trevino v. Pemberton*, 918 S.W.2d 102, 103 n.2 (Tex. App.—Amarillo 1996, orig. proceeding) (recognizing that an appellate court may take judicial notice of its own records in a related proceeding involving the same or nearly the same parties); *see also In re Innovation Res. Sol., LLC*, No. 12-15-00254-CV, 2016 WL 1254058, at *3 (Tex. App.— Tyler Mar. 31, 2016, orig. proceeding) (taking judicial notice of hearing transcript filed in prior, related mandamus proceeding); *Clark v. Chrietzberg*, 348 S.W.2d 476, 478 (Tex. App.—Dallas 1961, writ dism'd) ("This court takes judicial notice of its records of a prior appeal of the same case.").

R.R.B.'s SAPCR case from the divorce case. After C.H. offered the genetic-testing report into evidence with Relator's and Mother's agreement, he orally moved for the trial court to adjudicate him as R.R.B.'s father and to dissolve the temporary orders granting Relator the right to possess and access R.R.B. Relator vehemently opposed the trial court's consideration of C.H.'s oral motion on the grounds that the adjudication of R.R.B.'s parentage was a "final[-]trial issue" and that Relator had not been given any notice that this issue would be decided that day. Despite Relator's objections, the trial court signed an order adjudicating C.H. as R.R.B.'s father and dissolving the temporary orders. Relator then filed this petition for writ of mandamus.[7]

## II. DISCUSSION

### A. Equity precludes mandamus relief from the genetic-testing order.

In her first issue, Relator contends that the trial court abused its discretion by ordering genetic testing without first holding an evidentiary hearing with an amicus attorney present. But equitable principles preclude mandamus relief from the genetic-testing order.

Although mandamus is a legal remedy, it is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). "One such principle is that '[e]quity aids the diligent and not those who

---

[7]Despite our direction to do so, neither Mother nor C.H. responded to the petition. *See* Tex. R. App. P. 52.4.

5

slumber on their rights.'" *Id.* (quoting *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941)). "Thus, a relator who unduly or unreasonably delays filing a petition for mandamus relief may waive its right to such relief unless the delay is justified." *In re Am. Airlines, Inc.*, 634 S.W.3d 38, 43 (Tex. 2021) (citing *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009)). Whether a party's delay in asserting its rights precludes mandamus relief is a fact-specific inquiry that depends on the circumstances of each case. *In re Oceanografia, S.A.*, 494 S.W.3d 728, 730 (Tex. 2016) (orig. proceeding); *In re E.S.*, No. 07-19-00323-CV, 2019 WL 7342242, at *1 (Tex. App.—Amarillo Dec. 30, 2019, orig. proceeding) (mem. op.).

Here, Relator did not file her mandamus petition until six months after the trial court signed the genetic-testing order—and nearly eight months after it orally granted C.H.'s genetic-testing request. The genetic testing was not completed until more than two months after the trial court's oral ruling. During this time, Relator could have sought mandamus relief and requested a stay to prevent the testing from being performed. *See In re Office of the Atty. Gen.*, No. 13-11-00006-CV, 2011 WL 578733, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 15, 2011, orig. proceeding) (mem. op.) (noting that court of appeals had stayed trial court's order for genetic testing pending resolution of mandamus proceeding); *see also In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (recognizing that a party may seek mandamus relief from a trial court's oral ruling if it "is a clear, specific, and enforceable order that is adequately shown by the record"). But instead, she waited

6

until the genetic testing had been completed and—with Relator's agreement—the results had been entered into evidence. Relator has not explained her delay.[8] Under these circumstances, we conclude that equitable principles preclude us from granting Relator mandamus relief from the genetic-testing order. *See In re Wages & White Lion Invs., LLC*, No. 05-21-00650-CV, 2021 WL 3276875, at *1 (Tex. App.—Dallas July 30, 2021, orig. proceeding) (mem. op.) (holding that laches applied based on unexplained delay of four-and-a-half months after oral ruling and three months after written order); *see also In re Auto Club Cnty. Mutual Ins. Co.*, No. 05-24-00960-CV, 2024 WL 4223702, at *1 (Tex. App.—Dallas Sept. 18, 2024, orig. proceeding) (mem. op.) (admonishing that "[a]n unexplained delay of four months or more can constitute laches and result in denial of mandamus relief" and collecting cases denying mandamus relief based on relators' unexplained delays).

Accordingly, we overrule Relator's first issue.

---

[8]As noted, before filing her mandamus petition, Relator filed an appeal from the same orders that she challenges in this proceeding. *See supra* note 5. But her appeal—which we dismissed for lack of jurisdiction—was not filed until November 26, 2024. Thus, even if we were to "give credit" to Relator for challenging the genetic-testing order when she filed the appeal, the unexplained six-month delay from the trial court's oral ruling and four-month delay from the signing of the order would nevertheless bar relief. *See In re Moss Concrete Constr. Co., Inc.*, No. 12-24-00004-CV, 2024 WL 274994, at *1 (Tex. App.—Tyler Jan. 24, 2024, orig. proceeding) (mem. op.) ("An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief." (quoting *In re Webber, LLC*, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex. App.—Dallas June 29, 2020, orig. proceeding) (mem. op.))).

**B. The trial court abused its discretion by adjudicating R.R.B.'s parentage and dissolving the temporary orders at the November 21, 2024 hearing.**

In her second and third issues, Relator contends that the trial court abused its discretion by granting C.H.'s oral motions to adjudicate R.R.B.'s parentage and to dissolve the temporary orders at the November 21, 2024 hearing because Relator had not received any notice that the trial court would consider these issues that day. We agree.

"Notice is '[a]n elementary and fundamental requirement of due process.'" *B. Gregg Price, P.C. v. Series 1 – Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950)). Civil Procedure Rule 245—which applies in a proceeding to adjudicate a child's parentage, *see* Tex. Fam. Code Ann. § 160.601(b)—requires "reasonable notice of not less than forty-five days to the parties of a first setting for trial" unless the parties otherwise agree. Tex. R. Civ. P. 245. Although Rule 245's requirement of forty-five days' notice applies only to the first trial setting and the rule does not set forth a specific time standard for subsequent settings, parties are nevertheless entitled to reasonable notice of any such subsequent settings. *In re Marriage of Camp*, No. 07-13-00283-CV, 2014 WL 3582884, at *3 (Tex. App.—Amarillo July 18, 2014, no pet.) (mem. op.) (collecting cases). Although we generally presume that the trial court complied with Rule 245 and heard the case on proper notice to the parties, this presumption is rebuttable. *Id.* (citing *Custom-Crete v. K-Bar Servs., Inc.*, 82 S.W.3d 655,

659 (Tex. App.—San Antonio 2002, no pet.)). "A trial court's failure to comply with Rule 245 deprives a party of its constitutional right . . . to voice its objections in an appropriate manner[] and results in a violation of fundamental due process"; thus, such a violation is grounds for reversal. *Custom-Crete, Inc.*, 82 S.W.3d at 659 (citing *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.)).

Here, the record is clear that the only matters set to be heard at the November 21, 2024 hearing were Relator's motion to compel discovery and C.H.'s motions seeking a protective order and the bifurcation of the divorce and SAPCR cases. Thus, by adjudicating C.H. to be R.R.B.'s father—relief that C.H. had requested in his petition in intervention and that Relator had opposed in a written motion—the trial court, in effect, tried a contested case without providing Relator reasonable notice as required by Rule 245.[9] *See* Tex. R. Civ. P. 245. Because Relator had no notice that the trial court would be deciding R.R.B.'s parentage at the November 21, 2024 hearing, she was denied the opportunity to prepare evidence or a legal argument to support her position; in other words, she was denied a meaningful opportunity to be heard. *See*

_____

[9]We note that the trial court's docket sheet reflects several earlier final-trial settings. Thus, contrary to Relator's contention, she does not appear to have been entitled to forty-five days' notice of the hearing to adjudicate R.R.B.'s parentage. *See Marriage of Camp*, 2014 WL 3582884, at *3. But because Relator did not learn that the court would be taking up the issue of R.R.B.'s parentage until the November 21, 2024 hearing was already underway, we nevertheless conclude that the notice—if any—was inadequate. *See id.* (noting that even though Rule 245's forty-five-day notice requirement only applies to first trial settings, parties are still entitled to reasonable notice of subsequent settings).

*Moody v. Nat'l W. Life Ins.*, 634 S.W.3d 256, 282 (Tex. App.—Houston [1st Dist.] 2021, no pet.) (op. on reh'g) ("Due process requires notice and a meaningful opportunity to be heard." (first citing *Mathews v. Eldridge*, 424 U.S. 319, 349, 96 S. Ct. 893, 909 (1976); and then citing *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995))).

By adjudicating R.R.B.'s parentage without affording Relator a meaningful opportunity to be heard, the trial court abused its discretion. *Cf. In re Chambless*, 257 S.W.3d 698, 700 (Tex. 2008) (orig. proceeding) (granting mandamus relief from interim order awarding paternal grandparents visitation rights because mother had not been given the opportunity to present evidence at the hearing and instructing that "[a] parent must be given a meaningful opportunity to be heard" before the entry of such an order). Further, because the trial court's dissolution of the temporary orders was predicated on its adjudication of R.R.B.'s parentage and because Relator likewise received no notice that this issue would be considered at the November 21, 2024 hearing, we also conclude that the trial court abused its discretion by dissolving the temporary orders.

Accordingly, we sustain Relator's second and third issues.

## C. Relator lacks an adequate appellate remedy.

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). Thus, the party seeking mandamus relief must show not only that the trial court clearly abused its discretion but also that the party has no

adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding). Having concluded that the trial court abused its discretion, we must determine whether Relator has an adequate appellate remedy. *See id.*

Because the challenged order adjudicating R.R.B.'s parentage and dissolving the temporary orders divests Relator of fundamental rights, she lacks an adequate appellate remedy. *See In re Elliott*, No. 04-13-00688-CV, 2013 WL 6118460, at *4 (Tex. App.—San Antonio Nov. 20, 2013, orig. proceeding) (mem. op.) ("[Relator] lacks an adequate remedy by appeal because the temporary orders divest her of fundamental rights, which is irremediable." (first citing *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007) (orig. proceeding); and then citing *In re Mays–Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding))); *cf. Stanley v. Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 1212 (1972) (recognizing that a parent's right to "the companionship, care, custody, and management of his or her children" is an important constitutional interest that "undeniably warrants deference and, absent a powerful countervailing interest, protection"); *In re J.W.T.*, 872 S.W.2d 189, 198 (Tex. 1994) (Hecht, J., concurring) (noting "that in a free society the State cannot deny a [parent] all right to his child without due process"). Accordingly, we conclude that Relator is entitled to mandamus relief.

## III. CONCLUSION

Having overruled Relator's first issue and having sustained her second and third issues, we deny mandamus relief as to the trial court's genetic-testing order, but

we conditionally grant relief regarding the trial court's order adjudicating R.R.B.'s parentage and dissolving the temporary orders. We direct the trial court to (1) vacate its November 21, 2024 order adjudicating R.R.B.'s parentage and dissolving the temporary orders and (2) set a new hearing to consider the adjudication of R.R.B.'s parentage and the dissolution of the temporary orders on reasonable notice to all parties, including Relator. Our writ will issue only if the trial court fails to comply.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: March 6, 2025